IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN JESUS GONZALES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br>Case No. 1:04-CR-28 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will deny the Motion without prejudice.

I. BACKGROUND

Defendant was indicted on February 18, 2004, on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Defendant pleaded guilty to count one of the Indictment. Defendant was sentenced on September 2, 2004, to a period of 92

---

[1]Docket No. 29.

1

months in the custody of the Bureau of Prisons, to be followed by a 48-month term of supervised release.  Defendant now moves to terminate that supervision.  The government has not objected to the Motion.

In his Motion, Defendant states that he has completed a year of supervision without any violation of his supervised release, including attending and passing all substance abuse testings.  Defendant also indicates that he has paid all fines that were imposed.  According to Defendant, he has been employed throughout his term of release and now has a good paying job, which has allowed him to purchase a home and support his family.  Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

## II.  DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice.  In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is not yet warranted or in the interest of justice.  The Court notes with approval Defendant's good conduct thus far under supervised release.  However, the Court does not feel that one year of good conduct on a term of 48 months supervised release—following 92

months in custody of the Bureau of Prisons—is sufficient to warrant termination of the remainder of Defendant's supervised release.  For this reason, the Court will deny Defendant's Motion without prejudice.  The Court encourages the Defendant to continue his good conduct and re-file his Motion after he has completed at least 24 months of his term of supervised release.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 29) is DENIED WITHOUT PREJUDICE.

DATED   December 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge